IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CARMEN BOWDEN,

        Plaintiff,

v.                                Case No. 24-CV-234-SEH-SH

USVA HOSPITAL JC
MONTGOMERY,

        Defendant.

## OPINION AND ORDER

Before the Court is Plaintiff's "Statement About Mailing." [ECF No. 17]. This filing follows several previous, deficient attempts by Plaintiff to properly serve Defendant. Because Plaintiff has still not properly served Defendant, and for the reasons set forth below, the Court dismisses this action in its entirety without prejudice.

**I. Background**

Plaintiff Carmen Bowden initiated this case on May 15, 2024. [ECF No. 1]. Bowden requested additional time to serve Defendant USVA Hospital JC Montgomery (the "VA") on August 12, 2024 (one day before the deadline for service, pursuant to Fed. R. Civ. P. 4(m)), but she did not explain any reason why service was not timely completed. [ECF No. 6]. Given Bowden's *pro se* status, the complexities of serving the United States, and the circumstances of this case, the Court nevertheless granted Bowden's motion. [ECF No. 8].

1

Bowden's deadline to serve the VA was extended to August 27, 2024. [*Id.*]. The Court warned Bowden that failure to timely serve the VA may result in dismissal without prejudice. [*Id.*].

Bowden then filed a proof of service and an amended complaint. [ECF Nos. 9 & 10]. Because Bowden's proof of service did not demonstrate compliance with Federal Rule of Civil Procedure 4(i), the Court ordered her to show cause why service was not timely and properly completed. [ECF No. 11]. The Court again warned Bowden that failure to serve the VA may result in dismissal without prejudice. [*Id.* at 5]. Bowden responded to the Court's Order and asked for additional time to serve the VA because she is not represented by counsel. [ECF No. 12]. The Court again extended the time for Bowden to serve the VA given the circumstances of this case—this time to October 28, 2024. [ECF No. 14].

Bowden then filed proof of service forms with accompanying certified mail receipts. [ECF No. 15]. The forms were incomplete, unsigned, and they did not identify the name or title of anyone who had purportedly completed service. Therefore, the Court ordered Bowden to file corrected forms. [ECF No. 16]. Bowden complied with that Order. [ECF No. 17]. According to Bowden's filings, she mailed the service documents herself. [*Id.*].

## II.   Discussion

The Court is mindful of Bowden's *pro se* status, but the Federal Rules of Civil Procedure apply to her just as they do to any other litigant. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court also liberally construes Bowden's filings, but it cannot be her advocate. *Id.*

Fed. R. Civ. P. 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . ." Additionally, Fed. R. Civ. P. 4(c)(2) states: "Any person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added). The rule against parties effecting service applies to service by mail. *Shepard v. United States Dep't of Veterans Affairs*, 819 F. App'x 622, 623 (10th Cir. 2020) (citing *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010)).

Bowden attempted to serve the VA by certified mail. [ECF No. 17]. The problem with Bowden's attempted service is not that it was done by certified mail (because that is allowed under Fed. R. Civ. P. 4(i)(2)). Rather, the fatal flaw with Bowden's attempted service is that *she herself* mailed the documents. *Shepard*, 819 F. App'x at 623. The Court gave Bowden several

3

opportunities to properly serve the VA, but she has failed to do so in the nearly six months since initiating this action. Bowden has not established good cause for any further extensions of time for service.

Despite Bowden's repeated deficient service attempts, the Court still considers whether she should be "granted a permissive extension of time." *Espinoza v. U.S.*, 52 F.3d 838, 842 (10th Cir. 1995). The Court considers several factors to determine whether to grant a permissive extension including, for example: (1) whether "the applicable statute of limitations would bar the refiled action;" (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 & n.8 (internal quotation marks omitted); *see also Stillwell v. Neely*, No. CIV-24-282-D, 2024 WL 4437140 (W.D. Okla. Oct. 7, 2024) (citing *Espinoza*).

The Court has carefully considered these factors and the circumstances presented in this case. Upon due consideration, the Court does not find that a permissive extension is appropriate. The Court warned Bowden multiple times that failure to accomplish service could result in dismissal, and she has been afforded several opportunities to properly serve the VA. Therefore, the Court DISMISSES this action in its entirety WITHOUT PREJUDICE.

IT IS SO ORDERED this 7th day of November, 2024.

                                                       *Sara Hill*
                                                       Sara E. Hill
                                                       UNITED STATES DISTRICT JUDGE